**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-MC-62506-ARTAU/AUGUSTIN-BIRCH**

**FUNDING CIRCLE USA, INC.,**

**Movant,**

**v.**

**WHETSTONE HOLDINGS, LLC and**
**EVEREST BUSINESS FUNDING, LLC,**

**Respondents.**
**_______________________________________/**

**ORDER GRANTING IN PART AND DENYING IN PART MOVANT FUNDING CIRCLE USA, INC.'S MOTION TO COMPEL COMPLIANCE WITH DOCUMENT SUBPOENAS**

This cause comes before the Court on Movant Funding Circle USA, Inc.'s Motion to Compel Compliance with Document Subpoenas. The Motion to Compel is fully briefed at docket entries 1, 8, and 10. The Honorable Ed Artau, United States District Judge, referred this case to the undersigned United States Magistrate Judge. DE 6. The Court has carefully considered the briefing, the attachments thereto, and the record and is fully advised in the premises. The Motion to Compel [DE 1] is **GRANTED IN PART AND DENIED IN PART** as set forth below.

As background to the Motion to Compel, in litigation pending in the United States District Court for the District of Colorado, the plaintiffs to the lawsuit have alleged that Movant Funding Circle's computer network and email systems were the subjects of a data breach that enabled "threat actors" to access the plaintiff's personally identifying information. DE 1-1 ¶ 19. The threat actors then used the plaintiff's personally identifying information to impersonate the plaintiffs and enter into fraudulent financial agreements, including fraudulent financial agreements with

Respondent Everest Business Funding, LLC.[1] *Id.* ¶¶ 23, 25, 27. Respondent Everest later sought to enforce the fraudulent financial agreements against the plaintiffs through arbitration, subjecting the plaintiffs to liability and requiring them to incur legal fees. *Id.* ¶¶ 1, 38–39, 41. The plaintiffs have sued Movant Funding Circle because they contend that they are subject to that liability and have incurred those fees due to the data breach, which they allege was a result of Movant Funding Circle's negligence and recklessness in failing to implement proper security measures and provide adequate training. *Id.* ¶¶ 20, 42–43.

As part of the discovery in the Colorado lawsuit, Movant Funding Circle subpoenaed Respondents Whetstone and Everest to produce sixteen categories of documents. DE 1-3 and -4 (subpoenas). Movant Funding Circle has since narrowed its requests to seven categories of documents. DE 1-7 at 3 (email correspondence narrowing categories of requests). Respondents Whetstone and Everest have objected to the requests and have not produced anything. Movant Funding Circle then filed its Motion to Compel in this District, as Respondent Whetstone's principal address, Respondent Everest's manager and member's address, and Respondent Whetstone and Everest's mailing addresses and registered agent are in Florida and as the subpoenas commanded production at Movant Funding Circle's counsel's Florida office. *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Respondents Whetstone and Everest's objections to the document requests include relevance, disproportionality, burdensomeness, confidentiality, and privilege. They also object that producing the documents Movant Funding Circle requests will violate a protective order that is in place in the arbitration with the plaintiffs. For the following reasons, the Court

[1] Respondent Whetstone Holdings, LLC is Respondent Everest's parent company.

**OVERRULES** all of Respondents Whetstone and Everest's objections other than their privilege objections.[2]

The seven categories of documents are relevant to the Colorado lawsuit, and their production is proportional to the needs of that case. The categories concern the creation of the purportedly fraudulent financial agreements, whether they in fact were fraudulent, a financing advance from Respondent Everest under one of the agreements, and the damages Respondent Everest seeks through the arbitration with the plaintiffs. These categories most certainly are relevant to Movant Funding Circle's liability and the damages in the Colorado lawsuit. For example, the documents could show that Movant Funding Circle may not be liable to the plaintiffs because the financial agreements were not fraudulent or because personally identifying information stolen from Movant Funding Circle was not used to enter into the financial agreements. The documents could show Respondent Everest's damages, which it is seeking from the plaintiffs through arbitration and which the plaintiffs are attempting to recoup from Movant Funding Circle through the Colorado lawsuit.

Respondents Whetstone and Everest have not substantiated their claim that production of the documents imposes a burden, much less an undue burden. They argue that they should not be obligated to produce discovery for a lawsuit in which they are not parties. That is not the law. The Federal Rules of Civil Procedure explicitly provide for subpoenaing non-parties to produce discoverable material for litigation. *See generally* Fed. R. Civ. P. 45.

Respondents Whetstone and Everest contend that Movant Funding Circle could obtain "[m]any of the documents" it seeks by asking the plaintiffs to produce them. DE 8 at 8. But other

[2] Respondents Whetstone and Everest did not serve their objections to the subpoenas within "the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The Court could overrule the objections on that basis alone. However, the Court in its discretion will address the objections' merits.

than providing an example of a single document, Respondents Whetstone and Everest have not identified which documents are in the plaintiffs' possession. Furthermore, if Respondents Whetstone and Everest already have produced the requested documents to the plaintiffs, that fact undercuts a contention that producing the documents to Movant Funding Circle is overly burdensome, as it cannot be too burdensome to put together a second packet of already produced documents.

Respondents Whetstone and Everest also argue they will incur "substantial costs" to produce the requested documents. *Id.* at 7. That argument is wholly conclusory, and the Court rejects it on that basis. Respondents Whetstone and Everest have not produced any estimation of the monetary or nonmonetary costs they believe they will incur to compile and serve the documents Movant Funding Circle seeks. For these reasons, the burdensomeness objections are overruled.

Respondents Whetstone and Everest's confidentiality objections are likewise overruled. An assertion that discoverable material is confidential, proprietary, or contains trade secrets is not itself a basis to withhold the discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)). Movant Funding Circle offered to enter into a protective order that would govern the requested documents, and Respondents Whetstone and Everest rejected the offer. If they now seek entry of a protective order, they must immediately negotiate the terms of such an order with Movant Funding Circle, and the parties must file a joint motion for entry of their proposed order by **October 13, 2026**.

Finally, Respondents Whetstone and Everest object that producing the requested documents will violate a protective order in the arbitration. That objection is disingenuous. Examination of the protective order reveals that it does not prohibit production pursuant to a subpoena. DE 10-1 ¶ 13.c. ("Nothing in this Order shall: . . . prohibit a Receiving Party from producing Confidential Information in the Party's(ies') possession pursuant to a subpoena . . . ."). Based on that language, the protective order is not a barrier to compliance with Movant Funding Circle's subpoenas.

All of Respondents Whetstone and Everest's objections to producing the requested documents, other than their privilege objections, are **OVERRULED**. By **October 16, 2026**,[3] they must serve on Movant Funding Circle the non-privileged documents responsive to the seven categories of requests appearing in the email correspondence at docket entry 1-7, page 3. If Respondents Whetstone and Everest withhold any responsive documents on the basis of a privilege, by **October 16, 2026**, they must serve on Movant Funding Circle a privilege log that complies with Federal Rule of Civil Procedure 45(e)(2) and Southern District of Florida Local Rule 26.1(e)(2). At this juncture, Movant Funding Circle's request for an award of fees and expenses is denied.[4] In conclusion, Movant Funding Circle's Motion to Compel [DE 1] is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of September, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

[3] The Court is mindful that the current fact discovery deadline in the Colorado lawsuit is October 19.

[4] Should Respondents Whetstone and Everest move for an award against Movant Funding Circle of the costs of production, the Court may offset from any such award the fees and expenses that Movant Funding Circle incurred to obtain compliance with the subpoenas.